IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL SPOONHOUR,               : | |
|     Petitioner                              : | |
|                                                         : | No. 1:07-cr-00154-1 |
| v.                                                      : | |
|                                                         : | (Judge Kane) |
| UNITED STATES OF AMERICA,   : | |
|     Respondent                          : | |

## MEMORANDUM

**I.   BACKGROUND**

This memorandum relates to two separate docket entries. On April 4, 2008, following a guilty plea, the Court sentenced Petitioner Jamal Spoonhour to 180 months incarceration for distributing cocaine base and hydrochloride in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 88.) More than five years later, on June 18, 2013, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which was separately docketed as civil action No. 1:13-cv-1664. (Doc. No. 123; No. 1:13-cv-1664, Doc. No. 1.) Judge William Caldwell ordered that the petition be construed and adjudicated as a motion under Section 2255. (Doc. No. 124.) He also ordered the case reassigned to the undersigned. (Id.)

On January 14, 2014, the Court provided Petitioner with a notice of election, informing him of his rights to file a petition for relief pursuant to 28 U.S.C. § 2255, the potential bar on subsequent petitions, and the one-year statute of limitations. (Doc. No. 118.) On March 4, 2014 Petitioner returned the notice of election and indicated he wished to have his Section 2255 petition ruled on as filed. (Doc. No. 121-1.)

On May 5, 2014, the United States filed a motion to dismiss the petition as time-barred by the one-year statute of limitations applicable to Section 2255 petitions. (Doc. No. 128.) On

June 16, 2014, after Plaintiff failed to respond to the contentions of the United States, the Court gave Petitioner an additional twenty days in which to show cause why his petition should not be dismissed as barred by the statute of limitations. (Doc. No. 130.) In response, on June 30, 2014, he filed a motion to amend his Section 2255 petition (Doc. No. 131), and on July 15, 2014 he filed a motion showing cause why his petition should not be dismissed (Doc. No. 133).

## II.     DISCUSSION

Pursuant to Section 2255(f) a motion to vacate must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A conviction becomes final for purposes of Section 2255 when all appeals are exhausted. See Kapral v. United States, 166 F.3d 565, 570 (3d Cir.1999). Here, Plaintiff was sentenced on April 4, 2008, and the United States Court of Appeals for the Third Circuit affirmed his sentence on July 7, 2009.[1] See United States v. Spoonhour, 336 F. App'x 148, 149 (3d Cir. 2009). Thus, over one year passed from the date his conviction became final to when he eventually filed his motion to vacate on July 18, 2013. Plaintiff raised two grounds for relief in

---

[1] It does not appear that Petitioner sought review with the United States Supreme Court.

that motion – first, that the Court violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in sentencing Petitioner, and second, that his counsel was ineffective in advising him to accept a plea agreement. (Doc. No. 123.) Petitioner does not attempt to argue that 2255(f)(2), (3) or (4) apply to these claims, and the Court finds they do not. Nor does Petitioner argue that equitable tolling should apply. Accordingly, Petitioner has not justified his failure to file within the statute of limitations, and he was required to file these claims within one year of his judgment becoming final. He did not, and he is therefore time-barred from doing so now.

However, in both a supplemental brief (Doc. No. 117), and again in his motion showing cause why his Petition is not untimely, Petitioner relies on Section 2255(f)(3) and asserts that he is also seeking relief based on new rights recognized by the Supreme Court in <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), and made retroactively applicable to cases on collateral review. (<u>See</u> Doc. No. 133.) However, <u>Alleyne</u> does not apply retroactively to cases on collateral review. <u>See</u> <u>United States v. Winkelman</u>, 746 F.3d 134, 136 (3d Cir. 2014). Petitioner also states that he is relying on the Supreme Court's decision in <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), but <u>Descamps</u>, too, does not apply retroactively to cases on collateral review. <u>See</u> <u>United States v. Wolf</u>, No. 04-347-01, 2014 WL 3339601, at *2 (M.D. Pa. July 8, 2014) (denying Section 2255 petition as untimely and citing cases in agreement that <u>Descamps</u> is not retroactively applicable on collateral review). Accordingly, Section 2255(f)(3) does not apply, and Petitioner's claims for relief based on <u>Alleyne</u> and <u>Descamps</u> are time-barred as well.

Lastly, Petitioner argues that the government breached his plea agreement and that, because this is analogous to a contract, the "contract" is void and his claims are not time-barred. (Doc. Nos. 131 at 1-2, 133 at 1.) Specifically, he asserts that the government breached the plea

agreement when it asked the sentencing court to sentence petitioner at the high end of the sentencing range. (Doc. No. 131 at 1-2.) Plaintiff contends that his claim for relief predicated on the alleged breach of the plea agreement is not subject to the one-year limitation because "jurisdictional issues can be raised at any time, by any party." (Id.)

First, the Court finds that there is no merit to Plaintiff's proposition that a habeas petition based on the government's alleged breach of a plea agreement is not subject to the time limits set forth in Section 2255. "Claims relating to breaches of plea agreements that would require invalidation of the underlying conviction or sentence must generally be raised in a [Section] 2255 motion." Nichols v. United States, 474 F. App'x 854, 855 (3d Cir. 2012). As discussed above, there are strict timeliness requirements associated with such a motion, and Petitioner provides no support for his proposition that a Section 2255 petition positioned on the breach of a plea agreement does not fall under the ambit of the one-year statute of limitations. Here, Petitioner should have known of the fact of the government's alleged breach at the time of the hearing. Although the alleged breach of a plea agreement may entitle a petitioner to habeas relief, the request for relief must be timely filed in accordance with Section 2255; that a plea agreement was allegedly breached does not, as Petitioner asserts, divest this Court of jurisdiction, and it does not absolve him of compliance with the strict statute of limitations applicable to Section 2255 motions.

Second, even assuming, arguendo, that to the extent Petitioner's motion is premised on an alleged breach of the plea agreement it is not barred by the one-year statute of limitations, the Court finds that Petitioner cannot establish a breach of the plea agreement. Pursuant to the plea agreement, the United States agreed to make a non-binding recommendation to the Court that

Petitioner be sentenced at the low end of the advisory guideline range. (Doc. No. 66 at 5.) During Petitioner's sentencing hearing, however, William Behe, counsel for the United States, requested that the Court sentence Petitioner at the high end of the guideline range. (Doc. No. 94 at 16:15-22.) Immediately following Mr. Behe's statement, Petitioner's counsel interjected, and indicated that there was a plea agreement in place in which the government agreed to recommend the low end of the advisory guideline range. (Id. at 16:23-25, 17:4-11.) Mr. Behe thanked Petitioner's counsel for "reminding" him and, upon looking at the agreement, indicated to the Court that Petitioner's counsel was correct. (Id. at 17:3, 17:15-16.) Accordingly, the Court then ordered the comments "stricken from the record" and "disregarded by the Court." (Id. at 17:17-18.) The Third Circuit has emphasized that, "[w]hile we have stressed that the government must choose its words at a plea hearing very carefully, we also recognize that the dynamics of an extemporaneous courtroom colloquy can lead to missteps, and we are reluctant to adopt a strict rule that would characterize an immediately corrected good-faith misstatement as a breach [of a plea agreement]." United States v. Nolan-Cooper, 155 F.3d 221, 240-41 (3d Cir. 1998). Thus, under the circumstances, even if such a claim were timely, it appears to the Court that Petitioner cannot maintain a viable action based on the prosecutor's immediately corrected misstatement.          Lastly, in proceedings brought under 28 U.S.C. § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that

reasonable jurists would not disagree with the Court's determination that Petitioner's claims are untimely. Thus, a COA will not issue in this case. An order consistent with this memorandum follows.